## HEAP v. GREENE et al.

(Circuit Court, D. Massachusetts. June 22, 1896.)

### No. 362.

PATENTS—LIMITATION BY PRIOR ART—CLOTH-NAPPING MACHINES.

The Grosselin patent, No. 377,151, for a machine for napping cloth, if valid at all, is limited by the prior state of the art, as shown especially in the English patent of July 24, 1823, to William Davis, and the German patent of September 1, 1878, to Moritz Jahr, to the specific methods used to produce the main result which is the general function of the machine.

This was a suit in equity by Charles Heap against Henry S. Greene and others for alleged infringement of a patent for a machine for napping cloth. Final hearing.

Edwin H. Brown, for complainant.

John L. S. Roberts and John J. Jennings, for defendants.

CARPENTER, District Judge. This is a bill in equity to enjoin an alleged infringement of the first claim of letters patent No. 377,-151, issued January 31, 1888, to Henry Nicolas Grosselin, fils, for machine for napping cloth. The claim is as follows:

(1) In a gig mill, the combination, with a rotary drum consisting of heads, a shaft, and a series of card or teaseling rollers journaled upon said heads, and provided with pulleys at their projecting ends, of a driving belt applied to each set of said pulleys, and devices, substantially as described, for driving said belts with varying speeds, and in different directions, as described, whereby the cards are rotated simultaneously each about its own axis and about the axis of the drum, substantially as described.

The defense is stated under several heads, but they seem to reduce themselves to two only, namely, invalidity of the patent, and non-infringement. On the first defense I shall express no opinion. On the second defense, that the respondents do not infringe, I find myself unable, without the use of drawings which are not here available, to state the differences of structure and function in the several machines under consideration in such a way as to be probably useful; and I therefore must content myself with the statement of my conclusion that the patent is so limited by the prior art and especially by the English patent to William Davis (No. 4,820), of July 24, 1823, and by the German patent to Moritz Jahr (No. 4,949), of September 1, 1878, that it must be confined to the specific methods used to produce the main result which is the general function of the patented machine, and hence that the respondents do not infringe. The bill will be dismissed with costs.